Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000021
25-APR-2018
08:04 AM

NO. CAAP-17-0000021

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
JOHN WILLIAMS, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CR. NO. 15-1-0175)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Chan, JJ.)

Defendant-Appellant John Williams (Williams) appeals from the "Judgment of Conviction and Sentence, Notice of Entry" entered on December 16, 2016 in the Circuit Court of the Third Circuit (circuit court).[1]  The State of Hawaiʻi (State) charged Williams with one count of Burglary in the First Degree in violation of Hawaii Revised Statutes (HRS) § 708-810(1)(c),[2] one count of Assault in the Third Degree in violation of HRS § 707-

---

[1]   The Honorable Glenn S. Hara presided.

[2]   HRS § 708-810 (2014) provides in relevant part:

§ 708-810 Burglary in the first degree.  (1) A person commits the offense of burglary in the first degree if the person intentionally enters or remains unlawfully in a building, with intent to commit therein a crime against a person or against property rights, and:

. . . .

(c)   The person recklessly disregards a risk that the building is the dwelling of another, and the building is such a dwelling.

712(1)(a),[3] and two counts of Terroristic Threatening in the Second Degree in violation of HRS §§ 707-715(1)[4] and -717(1).[5] After a jury trial, Williams was found guilty as charged. The circuit court sentenced Williams to a term of imprisonment of ten years.

On appeal, Williams contends that the circuit court (1) violated Williams' constitutional right to self-representation, and (2) erred in refusing to give a jury instruction on Williams' ignorance or mistake of fact defense.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we affirm.

(1) In his first point of error, Williams contends that the circuit court violated his constitutional right to self-representation when it vacated Williams' right to proceed pro se based upon factual findings that were clearly erroneous. Specifically, Williams argues that the following two findings of fact by the circuit court are clearly erroneous:  i) "Defendant

---

[3]     HRS § 707-712 (2014) provides in relevant part:

§ 707-712 Assault in the third degree.  (1) A person commits the offense of assault in the third degree if the person:
(a)     Intentionally, knowingly, or recklessly causes bodily injury to another person;
    .   .   .   .

[4]     HRS § 707-715 (2014) provides in relevant part:

§ 707-715 Terroristic threatening, defined.  A person commits the offense of terroristic threatening if the person threatens, by word or conduct, to cause bodily injury to another person or serious damage or harm to property, including the pets or livestock, of another or to commit a felony:
(1)     With the intent to terrorize, or in reckless disregard of the risk of terrorizing, another person;
    .   .   .   .

[5]     HRS § 707-717 (2014) provides in relevant part:

§ 707-717 Terroristic threatening in the second degree.  (1) A person commits the offense of terroristic threatening in the second degree if the person commits terroristic threatening other than as provided in section 707-716.

2

cannot focus on the issues before this Court," and ii) "Defendant is unable to follow all technical rules, and substantive, procedural, and evidentiary law, and to conduct himself in a manner so as not to disrupt the trial."

In reviewing the circuit court's findings of fact, we note that

> [i]t is for the trial judge as fact-finder to assess the credibility of witnesses and to resolve all questions of fact; the judge may accept or reject any witness's testimony in whole or in part. As the trier of fact, the judge may draw all reasonable and legitimate inferences and deductions from the evidence, and the findings of the trial court will not be disturbed unless clearly erroneous. An appellate court will not pass upon the trial judge's decisions with respect to the credibility of witnesses and the weight of the evidence, because this is the province of the trial judge.

State v. Eastman, 81 Hawai'i 131, 139, 913 P.2d 57, 65 (1996) (citations omitted). "A finding of fact is clearly erroneous when (1) the record lacks substantial evidence to support the finding, or (2) despite substantial evidence in support of the finding, the appellate court is nonetheless left with a definite and firm conviction that a mistake has been made." State v. Okumura, 78 Hawai'i 383, 392, 894 P.2d 80, 89 (1995) (internal quotation marks and citation omitted).

Here, there is substantial evidence in the record that Williams was unable to focus on the issues before the court and follow the rules due to his misunderstanding of the law, the role of the prosecutor, and the role of the judge as an impartial decision-maker. For example, when the judge asked Williams whether he was going to plead guilty or not guilty, Williams responded: "Okay. If you think I'm guilty, if [the prosecutor] thinks I'm guilty I guess I must be guilty, right, because it doesn't matter what the truth is. Only matters what he thinks. Right? Only matters what you think. Right? The truth doesn't really matter. Only matters what the two of you think. Right?" Despite insisting upon his innocence, Williams stated that he was "pleading guilty to whatever [the judge] think[s] I've done wrong, whatever [the prosecutor] thinks I've gone [sic] wrong." Williams also appeared to misunderstand the purpose of going to trial when he stated that he wanted to go to trial to show how

the judge was wrong and how the judge "ha[s] been guilty." When the circuit court warned Williams that if he represented himself at trial, the likelihood of his non-success would be very high and severe, Williams responded that he had "already won." Williams also used inappropriate language and interrupted the judge and the prosecutor several times. Therefore, we conclude that the two findings of fact disputed by Williams are not clearly erroneous.

Accordingly, we reject Williams' argument that because the circuit court's findings of fact are clearly erroneous, the circuit court erred in concluding that Williams "is unable to follow all technical rules, and substantive, procedural, and evidentiary law, and to conduct himself in a manner so as not to disrupt the trial," and thus violated Williams' constitutional right to represent himself at trial.[6]

(2) In his second point of error, Williams contends that the circuit court erred in refusing to give a jury instruction on Williams' "ignorance or mistake of fact" defense pursuant to HRS § 702-218 (2014).[7] Specifically, Williams had requested that Hawaiʻi Pattern Jury Instructions -- Criminal No. 7.13 be given.

---

[6]    [A] criminal defendant's right to self-representation is not absolute. A trial court may not only insist on standby counsel to provide appropriate assistance in the first instance, but may also "terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct" because "[t]he right of self-representation is not a license to abuse the dignity of the courtroom." [Faretta v. Calfornia, 422 U.S. 806, 834 n. 46] (citation omitted).

State v. Hutch, 75 Haw. 307, 323, 861 P.2d 11, 19-20 (1993).

[7]    HRS § 702-218 provides:

§ 702-218 **Ignorance or mistake as a defense.** In any prosecution for an offense, it is a defense that the accused engaged in the prohibited conduct under ignorance or mistake of fact if:
(1)   The ignorance or mistake negatives the state of mind required to establish an element of the offense; or
(2)   The law defining the offense or a law related thereto provides that the state of mind established by such ignorance or mistake constitutes a defense.

7.13 IGNORANCE OR MISTAKE OF FACT

In any prosecution for an offense, it is a defense that the Defendant engaged in the prohibited conduct under ignorance or mistake of fact if the ignorance or mistake negates the state of mind required to establish an element of the offense.

[Thus, for example, a person is provided a defense to a charge based on an intentional or knowing state of mind, if the person is mistaken (either reasonably, negligently, or recklessly) as to a fact that negates the person's state of mind required to establish an element of the offense; however, a reckless mistake would not afford a defense to a charge based on a reckless state of mind.]

[Although ignorance or mistake would otherwise afford a defense to the offense charged, the defense is not available if the Defendant would be guilty of another offense had the situation been as the Defendant supposed. In such a case, the Defendant may be convicted of the offense of which the Defendant would be guilty had the situation been as the Defendant supposed.]

The burden is upon the prosecution to prove beyond a reasonable doubt that the Defendant was not ignorant or mistaken as to a fact that negates the state of mind required to establish an element of the offense. If the prosecution fails to meet its burden, then you must find the Defendant not guilty.

"When jury instructions or the omission thereof are at issue on appeal, the standard of review is whether, when read and considered as a whole, the instructions given are prejudicially insufficient, erroneous, inconsistent, or misleading." State v. Sawyer, 88 Hawai'i 325, 330, 966 P.2d 637, 642 (1998).

"Our cases have firmly established that 'a defendant is entitled to an instruction on every defense or theory of defense having any support in the evidence, provided such evidence would support the consideration of that issue by the jury, no matter how weak, inconclusive, or unsatisfactory the evidence may be.'" [State v. Kaiama, 81 Hawai'i 15, 24, 911 P.2d 735, 744 (1996)] (quoting State v. Maelega, 80 Hawai'i 172, 178-79, 907 P.2d 758, 764-65 (1995) (citation omitted)) (emphasis in original); see also State v. Russo, 69 Haw. 72, 76, 734 P.2d 156, 158 (1987) (citation omitted). However, this court has also noted that "where evidentiary support for [an] asserted defense, or for any of its essential components, is clearly lacking, it would not be error for the trial court to refuse to charge on the issue or to instruct the jury not to consider it." State v. Moore, 82 Hawai'i 202, 210, 921 P.2d 122, 130 (1996) (citation omitted); see also Russo, 69 Haw. at 76, 734 P.2d at 158; [State v. Warner, 58 Haw. 492, 498-99, 573 P.2d 959, 963 (1977)].

Id. at 333, 966 P.2d at 645.

At the hearing settling the jury instructions, Williams

had argued that the "ignorance or mistake of fact" defense jury instruction should be given because it went to Williams' "belief that he had the authority to enter the building due to his belief in his citizenship of the lawful Hawaiian Kingdom and his affiliation with them. And his belief that the foreclosure had been illegal." The State argued against the instruction because "whether or not the Defendant believed he could enter the property because it was unlawfully taken, is actually a mistake of law, not a mistake of fact." The circuit court agreed with the State's reasoning and refused to give Williams' requested instruction.

We agree with the circuit court that a mistake of fact instruction is not warranted based upon Williams' belief in his citizenship of the Hawaiian Kingdom. Under HRS § 708-810, it is a defense to Burglary in the First Degree if the defendant did not intentionally enter or remain unlawfully[8] in a building. However, Williams mistakenly believing that he was entering or remaining in the "Gingerbread House" lawfully because he owned it under the rules of the Hawaiian Kingdom is a mistake of law,[9] not

---

[8]     HRS § 708-800 (2014) provides that

"Enter or remain unlawfully" means to enter or remain in or upon premises when the person is not licensed, invited, or otherwise privileged to do so. A person who, regardless of the person's intent, enters or remains in or upon premises which are at the time open to the public does so with license and privilege unless the person defies a lawful order not to enter or remain, personally communicated to the person by the owner of the premises or some other authorized person. A license or privilege to enter or remain in a building which is only partly open to the public is not a license or privilege to enter or remain in that part of the building which is not open to the public.

[9]     HRS § 702-220 (2014) provides:

§ 702-220  **Ignorance or mistake of law; belief that conduct not legally prohibited.**  In any prosecution, it shall be an affirmative defense that the defendant engaged in the conduct or caused the result alleged under the belief that the conduct or result was not legally prohibited when the defendant acts in reasonable reliance upon an official statement of the law, afterward determined to be invalid or erroneous, contained in:
(1)     A statute or other enactment;
(2)     A judicial decision, opinion, or judgment;
(3)     An administrative order or administrative grant of

6

a mistake of fact. See State v. Fergerstrom, 106 Hawai'i 43, 55, 101 P.3d 652, 664 (App. 2004) (holding that "the State of Hawai'i was, on February 9, 2002, and is now, a lawful government" and "[p]ersons claiming to be citizens of the Kingdom of Hawai'i and not of the State of Hawai'i are not exempt from the laws of the State of Hawai'i[.]").

Although not argued before the circuit court, on appeal, Williams also argues that the "ignorance or mistake of fact" defense instruction should have been given because of "Williams' mistaken belief that he was entitled to enter and remain in the house due to the request and permission of [lawful occupant of the Gingerbread House, Bonny Evans (Evans)]," who had given Williams a key to the Gingerbread House so that he could pick up Evans' belongings. Again, we disagree, as the evidence does not show that Williams was mistaken about any material fact. Williams testified that Evans gave Williams a key to the Gingerbread House to pick up Evans' belongings, and this fact was corroborated by Evans and undisputed by the State. The only "mistake" claimed by Williams under this argument was that he believed that he was legally authorized to enter or remain in the Gingerbread House. However, a mistake concerning whether, under certain circumstances, a person is authorized under the law to enter and remain upon premises is a mistake of law, and therefore, the "ignorance or mistake of fact" defense would not apply. See, e.g., Territory v. Lo Kam, 13 Haw. 14, 16 (Haw. Terr. 1900) (holding that defendant made a mistake as to whether he had "lawful authority" to remain on the premises); cf. State v. Stenger, 122 Hawai'i 271, 282, 226 P.3d 441, 452 (2010) (holding that a mistake of fact instruction was warranted where

_____

permission; or
(4)    An official interpretation of the public officer or body charged by law with responsibility for the interpretation, administration, or enforcement of the law defining the offense.

The Supplemental Commentary on HRS § 702-218 provides that "[HRS] § 702-220 . . . provid[es] a defense . . . in the case of honest and reasonable belief ('no matter how incorrect such a belief might be') that another law . . . afforded a defense . . . ."

there was evidence that the defendant was "mistaken as to certain factual matters" regarding whether defendant's daughter had moved out of defendant's home permanently, causing defendant to misreport this information to DHS); State v. Locquiao, 100 Hawai'i 195, 205-09, 58 P.3d 1242, 1252-56 (2002) (holding that a mistake of fact instruction was warranted where the defendant testified at trial that he was unaware that the "glass material" was an "ice pipe" containing illegal methamphetamine).

We therefore hold that an "ignorance or mistake of fact" defense instruction was not supported by the evidence. See HRS § 701-115(2) (2014) ("No defense may be considered by the trier of fact unless evidence of the specified fact or facts has been presented."). Accordingly, we hold that the circuit court did not err in its decision not to instruct the jury as such.

Based on the foregoing, the "Judgment of Conviction and Sentence, Notice of Entry" entered by the circuit court on December 16, 2016 is affirmed.

DATED: Honolulu, Hawai'i, April 25, 2018.

On the briefs:

Keith S. Shigetomi,
for Defendant-Appellant.

Mitchell D. Roth,
Prosecuting Attorney, and
Lucas C. Burns,
Deputy Prosecuting Attorney,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

8